UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 05-66-B-W |
| | ) |
| JAMES F. MOONEY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON THE GOVERNMENT'S UNOPPOSED
MOTION FOR SUMMARY JUDGMENT**

The United States originally filed this action on May 9, 2005, in order "to reduce an unpaid federal income tax assessment against James F. Mooney to judgment, and to foreclose the federal tax liens associated with those assessments against a parcel of real property in which James F. Mooney has an interest." (Compl. at 1.)  In January 2006, upon Mooney's Suggestion of Bankruptcy, I ordered this matter stayed and directed the United States to provide this court with periodic status reports vis-à-vis the bankruptcy proceedings.

In an undated order, the Bankruptcy Court granted the United States' motion for relief from the automatic stay, lifting the stay for the limited purpose of allowing this District Court action to proceed to dismiss the foreclosure aspect of this case and to dismiss June Mooney and the State of Maine as defendants in this action. (See Docket No. 21, Ex. 1.)  Judge Woodcock entered an order granting, without objection, the partial motion to dismiss on May 18, 2007.  (Docket No. 26.)  In addition, the Chapter 13 Trustee moved to dismiss the bankruptcy action and, on March 22, 2007, the Bankruptcy

Court issued an order that the bankruptcy case would be dismissed ten days from the date of the order unless the debtor filed a pleading to convert the case to a "more appropriate chapter" or unless the trustee or debtor filed a notice stating that the debtor had arranged to cure certain arrearages.  No such pleadings or notices were filed.  The docket sheet in the bankruptcy proceeding indicates that, as of April 2, 2007, the bankruptcy case was dismissed.  A dismissal of the bankruptcy case lifted the automatic stay as to the remainder of the District Court action.  See 11 U.S.C. § 362(c)(2)(B).

The United States has now moved for summary judgment requesting that judgment enter in its favor in the amount of $72,159.94, plus interest from June 30, 2007.  James F. Mooney has not responded to the motion and therefore the following undisputed material facts are deemed to have been admitted by Mooney.  See Dist. Me. Loc. R. 56(f).

**Undisputed material facts**

The United States filed this suit, in part, seeking a judgment against James F. Mooney, based upon his federal income tax liabilities for the 1994, 1995, and 1996 tax years.  On July 27, 2005, after this suit was filed, James F. Mooney filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the District of Massachusetts, Case No. 05-11574.  On September 12, 2005, the United States filed a motion in the bankruptcy proceeding, seeking a determination as to the amount of James F. Mooney's federal tax liabilities for the 1994 through 2004 tax years. On September 21, 2006, the Bankruptcy Court held an evidentiary hearing on the United States' motion to determine the federal tax liabilities.  James F. Mooney was represented by Richard Goldman and James F. Molleur in the Bankruptcy Court proceeding, and Mr. Goldman is also Mr.

Mooney's attorney in the instant District Court action.  On October 2, 2006, the Bankruptcy Court issued an order determining the assessed balances of James F. Mooney's federal income tax liabilities for the 1994 through 2004 tax years. The Court determined that the amount of James F. Mooney's federal income tax liabilities for the 1994, 1995, and 1996 tax years are $36,251.99, $16,038.08, and $14,668.99, as of June 28, 2006, taking into account all payments and credits, but not including accrued but un-assessed interest and penalties. On November 13, 2006, the Bankruptcy Court issued an order clarifying that the liabilities determined in its September 21, 2006, order, are determinations of only the <u>assessed</u>, unpaid balances of tax liabilities, as of June 28, 2006, and did not include all accrued interest and penalties. The time for appealing from the Bankruptcy Court's final judgment has passed and Mr. Mooney did not appeal. Taking into account all payments and accruals through May 3, 2007, James F. Mooney's federal income tax liabilities for the 1994, 1995, and 1996 tax years are $23,792.45, $24,632.23 and $22,891.12.

## Discussion

The United States is entitled to summary judgment because the doctrine of collateral estoppel precludes relitigation of the amount of the federal tax liability in the instant case.  The First Circuit has explained the doctrine of collateral estoppel as follows:

> To establish collateral estoppel, the following factors must be met:
> (1) an identity of issues (that is, that the issue sought to be precluded is the same as that which was involved in the prior proceeding), (2) actuality of litigation (that is, that the point was actually litigated in the earlier proceeding), (3) finality of the earlier resolution (that is, that the issue was determined by a valid and binding final judgment or order), and (4) the centrality of the adjudication (that is, that the determination of the issue in the prior proceeding was essential to the final judgment or order).

3

> (Id.) In short, collateral estoppel, also known as issue preclusion, "'means simply that when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Jackson v. Coalter, 337 F.3d 74, 85 (1st Cir.2003) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)).

Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 430 (1st Cir. 2005).

There is no reason these concepts should not also apply after a bankruptcy court issues a judgment, including determinations of the validity of proofs of claim. See Katchen v. Landy, 382 U.S. 323, 334 (1966) ("The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts.").

The United States and James F. Mooney were both parties to the bankruptcy proceeding and are both parties to this action. Not only did James F. Mooney have the opportunity to litigate these issues concerning the amount of tax liability in the bankruptcy case, but he actually participated in an evidentiary hearing on the same issues that are present in the instant district court action. The Bankruptcy Court then issued a determination on the merits of the case. No appeal was taken from the final judgment of the Bankruptcy Court. James F. Mooney has not suggested that the Bankruptcy Court judgment is invalid. The United States requires a judgment from this Court in order to be able to collect the tax liabilities because of the ten-year statute of limitations on collection pursuant to 26 U.S.C. § 6502(a). Relitigating the amount of the tax liabilities is now barred by the doctrine of collateral estoppel. All that is left is to enter judgment in the amounts determined by the Bankruptcy Court, modified by payments made and interest accruals. Mooney has failed to put those calculations into dispute and the record evidence cited by the United States supports its claims.

**Conclusion**

Based upon the foregoing, I recommend that judgment enter for the United States on Count I of the complaint in the amount of $ 72,159.94, plus interest from June 30, 2007.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 1, 2007                                         /s/ Margaret J. Kravchuk
                                                       U.S. Magistrate Judge